**Richard KAMPSCHAEFER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky ex rel. Sandra KAMPSCHAEFER, Appellee.**

**No. 86–CA–2729–DG.**

Court of Appeals of Kentucky.

March 11, 1988.

William W. Lawrence, Lawrence and Marshall, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Frankfort, Paula Bierly, Asst. Co. Atty., Louisville, for appellee.

Before HAYES, MILLER and WILHOIT, JJ.

WILHOIT, Judge.

We granted discretionary review in this case to consider whether a district court has the authority to award child support arrearages in excess of its jurisdictional limit in an action filed under the Uniform Reciprocal Enforcement of Support Act (URESA).

The parties were divorced in 1970 and the appellant Richard Kampschaefer was ordered to pay $25.00 a week in child support. Sandra Kampschaefer initiated URESA proceedings in South Carolina in late 1984, and the action was filed in Jefferson District Court pursuant to KRS 407.250(1). The appellant asserted defenses to the complaint including the inability of the district court to award arrearages exceeding $2,500.00. The district court entered an order in February 1986 awarding $19,-975.00 in child support arrearages accumulated June 26, 1970, through February 10, 1986. The circuit court affirmed.

To determine whether the district court has jurisdiction to award child support arrearages in excess of its jurisdictional limit, several constitutional provisions

and statutes must be considered. Kentucky Constitution § 113(6) states that the "district court shall be a court of limited jurisdiction and shall exercise original jurisdiction as may be provided by the general assembly." Section 112(5) of the Constitution provides that the circuit court "shall have original jurisdiction of all justiciable causes not vested in some other court." KRS 24A.120(1) grants the district court exclusive jurisdiction in civil cases where the amount in controversy does not exceed $2,500.00 exclusive of interest and costs. KRS 407.170 states that jurisdiction of URESA actions shall be vested in the circuit or district court.

KRS 24A.120(1) and KRS 407.170 are in conflict when child support arrearages exceed $2,500.00 in a URESA action. KRS 24A.120(1) is the general civil jurisdiction statute of the district court, while KRS 407.170 is addressed specifically to jurisdiction in URESA actions. When two statutes concern the same subject matter, one generally and the other specifically, the specific statute prevails. *Land v. Newsome,* Ky., 614 S.W.2d 948, 949 (1981); *Cf. Ruth v. Robinson,* 268 Ky. 843, 106 S.W.2d 91, 94 (1937). Therefore, KRS 407.170 controls and the district court may assert jurisdiction over a URESA action regardless of the amount of arrearages. This result is consistent with the view that a liberal interpretation is given statutes which purport to extend the jurisdiction of a court. 3A N. Singer, *Sutherland Statutory Construction* § 67.03 (C.D. Sands 4th ed. 1986).

KRS 407.170 grants the circuit court and district court concurrent jurisdiction over a URESA action irrespective of the amount of child support arrearages sought in the complaint. The district court therefore has jurisdiction to enter a judgment in a URESA action in excess of $2,500.00. The circuit court judgment is affirmed.

MILLER, Judge, concurs.

HAYES, Judge, concurs and files a separate opinion.

HAYES, Judge, concurring.

I concur and would merely add that the Kentucky Legislature obviously considers the enforcement of child support awards differently than the ordinary civil action as evidenced by its enactment of KRS 407.170. In many of these cases, time is of the essence and the litigant should be able to choose the most readily available forum, be it district or circuit court.