## Harris, et al. v. Harris' Admr., et al.

(Decided April 12, 1912.)

## Appeal from Warren Circuit Court.

1. Personal Representative—Suit Against.—Under section 3847 of the Kentucky Statutes, a personal representative cannot be sued within six months after his qualification, except to settle the estate; but an action for the settlement of an estate may be brought as soon as the representative qualifies.

2. Decedent's Estate—Right to Sue for Settlement.—Under section 428 of the Civil Code of Practice, a suit to settle the estate of a decedent can be brought only by the representative, legatee, distributee or creditor of the decedent.

3. Decedent's Estate—Suit to Settle.—The petition in an action to settle the estate of a decedent, brought pursuant to section 429 of the Civil Code, must state the nature and value of the property, both real and personal; and, if it wholly fails to state the nature and value of the property in such a way as to identify it, and merely refers to the property in such general terms as not to bring the estate within the control of the court, the petition is insufficient, and a demurrer will be sustained thereto.

4. Decedent's Estate—Settlement Suit.—Where an action merely seeks an accounting by the administrator, and does not satisfy the requirements of section 428 of the Civil Code of Practice, which regulates the bringing of actions to settle a decedent's estate, the action is not a settlement suit within the meaning of the Code, and cannot be brought within six months after the qualification of the personal representative; to call it a settlement suit will not make it so.

GRIDER & HARLIN, BRADBURN & BASHAM for appellants.

BYRON RENFREW, W. B. GAINES and WRIGHT & McELROY for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

L. G. Harris, of Warren County, died testate in 1902, leaving a valuable farm of more than 400 acres, and quite a considerable amount of personalty. By his will, after making one specific devise of $3,000, he gave his widow, Nancy Harris, a life estate in his entire residuary estate, one-half of the remainder to go to the heirs of the testator, with power in the widow to devise the other half by last will and testament; and in case she failed to exercise the power thus given her, said half was to go to such of her kindred as would inherit from her under the laws of Kentucky.

He had, however, several years before, given $4,000 to his wife, which she held in her own right, and for the purpose of equalizing her kindred with his, he charged her kindred with $2,000, which was to be added to and become a part of the half which was given to his own kindred.

Nancy Harris was the executrix of her husband's estate. She died intestate, in December, 1910, and shortly thereafter the appellee, E. B. Morris, qualified as administrator with the will annexed, of L. G. Harris' estate, and the appellee, W. M. Kirby, qualified as administrator of Nancy Harris' estate.

On May 9, 1911, this action was instituted by appellant, Curtis Harris, a nephew of L. G. Harris, in his own behalf and on behalf of some thirty of the heirs of L. G. Harris, against Morris as administrator with the will annexed of L. G. Harris, and Kirby, as administrator of Nancy Harris, deceased, for a settlement of the two estates; a distribution of the estate of L. G. Harris among his heirs at law; and for a construction of the will of L. G. Harris in so far as it applied to a division of the property in the hands of Nancy Harris at the time of her death.

The circuit court sustained a demurrer to the petition, upon the ground that it had been prematurely filed within six months after the qualification of the personal representative.

Sections 428 and 429 of the Civil Code of Practice, relating to the settlement of the estates of deceased persons, read as follows:

428—"1. A representative, legatee, distributee or creditor of a deceased person may bring an action in equity for the settlement of his estate.

"2. The representatives of the decedent and all persons having a lien or an interest in the property left by the decedent, so far as known to the plaintiff, must be parties to the action as plaintiffs or defendants."

429.—"In such an action the petition must state the amount of the debts and the nature and value of the property, real and personal, of the decedent, so far as known to the plaintiff; and, if it shall appear that the personal estate is insufficient for the payment of all debts the court may order the real property descended or devised to the heirs or devisees who may be parties to the action, or so much thereof as shall be necessary, to be sold for the payment of the residue of such debts."

Section 3847 of the Kentucky Statutes forbids the bringing of an action against a personal representative within six months after his qualification, "except to settle the estate." An action for the settlement of an estate may be brought as soon as the representative qualifies. Holland v. Lowe, 101 Ky., 98; Brand's Exor. v. Brand, 109 Ky., 721, and McCandless v. McCandless, 33 Ky., L. R., 790, 111 S. W., 302. This action was brought within five months after the qualification of the personal representative. If it is not a suit to settle the estate, it was prematurely brought. It is contended, however, by appellees, that although this suit is denominated a suit to settle the estate, it is not in reality a suit of that character, because it fails to comply with the requirements of the Code defining what must be alleged in a settlement suit.

Clearly it is not a settlement suit within the meaning of the Code, against the estate of Nancy Harris, since the plaintiff is neither a representative, legatee, distributee or creditor of Nancy Harris, and section 428 of the Code limits the right to bring a settlement suit to those persons. The plaintiffs, who are appellants here, are legatees and distributees of the estate of L. G. Harris, and in bringing their suit to settle his estate, subsection 2 of section 428 of the Code requires that "all persons having a lien upon or any interest in his estate, or any part thereof, and his creditors so far as known to the plaintiff, must be made parties to the action as plaintiffs or defendants."

The heirs of Nancy Harris own one-half of the real-estate of L. G. Harris, which is shown by the petition to be more than 400 acres, but they have not been made parties to this suit. They are interested in L. G. Harris' estate, and are necessary parties to a suit to settle his estate.

Furthermore, section 429 of the Code above quoted provides and requires that the petition in an action to settle an estate must state the nature and value of the property, real and personal, of the decedent, so far as known to the plaintiff. The purpose of this provision is to bring the entire estate of the decedent, and a statement of his debts, within the jurisdiction of the court, in order that the rights of all parties interested in either, may be properly and equitably adjusted.

The petition in this case recites that L. G. Harris owes no debts, but it wholly fails to state the nature and

value of the property in such a way as to identify it; on the contrary, the allegations of the petition are so general in their terms as to wholly fail to bring the estate within the control of the court. The action, in reality, merely seeks an accounting by the administrator; and, to call it a "settlement suit" will not make it so.

The petition wholly failed to comply with the essential requirements of a settlement suit, under sections 428 and 429 of the Code, and the circuit court properly sustained the demurrer thereto.

Judgment affirmed.