George W. PRIVETT, Jr., Appellant,

v.

Holly M. CLENDENIN, Appellee.

No. 2000–SC–0127–DG.

Supreme Court of Kentucky.

Aug. 23, 2001.

David T. Enlow, Enlow, Wright & Enlow, Lexington, for appellant.

Donald Duff, Frankfort, for appellee.

## OPINION OF THE COURT

JOHNSTONE, Justice.

Dr. George W. Privett, Jr., and Holly Clendenin were married for almost thirteen years and were blessed with two children. While still married, Privett and Clendenin established two accounts under the Kentucky Uniform Transfers to Minors Act (UTMA) for the benefit of their children. Clendenin was named custodian of the accounts. After their marriage was dissolved, Privett petitioned the Jessamine Circuit Court for relief against Clendenin under the UTMA. The trial court ruled in Privett's favor. The Court of Appeals reversed on grounds that the Jessamine Circuit Court lacked subject-matter jurisdiction over claims brought under the UTMA. We agree with the Court of Appeals and affirm its decision.

Privett and Clendenin were married on December 3, 1978. Their divorce was finalized on October 1, 1991. Two children were born of the union. On November 16, 1987, an account for each of the children

was established at the First Security Bank. These accounts were closed on August 3, 1988. On the same date, two separate mutual funds, one for each child, were established under the UTMA. Clendenin was named custodian and each child was designated as co-owner of his or her respective accounts. Sometime after their divorce, Clendenin withdrew Two Thousand Dollars ($2,000.00) from each account for the children to take a school-related trip to England and France.

In his petition, Privett alleged that Clendenin violated her duties under the UTMA by withdrawing money from the accounts for the trip. Privett alleged that the withdrawal was made for a family vacation to Europe, rather than for educational purposes. Privett claimed that, as a parent of the children, KRS 385.122(5) gave him the right to inspect the accounts. Further, he alleged that Clendenin violated numerous provisions of the UTMA by failing to keep proper records, by failing to observe the proper standard of care, and by misusing funds.

The trial court ruled in Privett's favor and ordered: (1) that Clendenin reimburse the accounts for the withdrawals for the European trip "plus an amount to include the loss of growth in the accounts" due to the withdrawals; (2) a full accounting; (3) that Clendenin be removed as custodian; and (3) that Privett be made successor custodian of the accounts. The Court of Appeals determined that the district court has exclusive jurisdiction for all claims brought under the UTMA and, accordingly, held that the Jessamine Circuit Court lacked subject-matter jurisdiction to hear Privett's petition.

Privett is both a "member of the minor's family" and a "transferor" within the meaning of the UTMA. *See* KRS 385.012(10) & (16). He clearly had the right under the UTMA to bring his claims against Clendenin:

A minor who has attained the age of fourteen (14) years, the minor's guardian of the person or legal representative, an adult member of the minor's family, a transferor, or a transferor's legal representative may petition the court:

(a) For an accounting by the custodian or the custodian's legal representative; or

(b) For a determination of responsibility, as between the custodial property and the custodian personally, for claims against the custodial property unless the responsibility has been adjudicated in an action under KRS 385.172 to which the minor or the minor's legal representative was a party.

KRS 385.192(1).

Unfortunately for Privett, the UTMA grants exclusive jurisdiction over such claims to the district court. The definition section of the UTMA provides that: " 'Court' means district court." KRS 385.012(5). This definition was put into place by the Legislature in 1986 when it enacted the UTMA. 1986 Ky.Acts Ch. 182 § 1(5). In the same Act that created the UTMA, the Legislature repealed the Kentucky Uniform Gifts to Minors Act (UGMA), which also was codified in KRS Chapter 385. Under the prior UGMA, "court" was defined as "the chancery division of the circuit court." 1966 Ky.Acts Ch. 202 § 1(d). Thus, the Legislature purposely removed jurisdiction from the circuit court for KRS Chapter 385 claims and expressly placed jurisdiction over such claims in the district court.

Under KRS 24A.020, the district courts are deemed to have exclusive jurisdiction over any matter when jurisdiction is "granted to District Court by statute ... unless the statute specifically states that

the jurisdiction shall be concurrent." As there is no provision in the UTMA for concurrent jurisdiction with the circuit court, the Jessamine Circuit Court lacked subject-matter jurisdiction to hear Privett's petition. Therefore, we hold that the district courts have exclusive subject-matter jurisdiction over claims brought under the UTMA, even accounting claims that in all probability will involve sums exceeding the district court's jurisdictional limitation of $4,000 imposed by KRS 24A.120. *See Kampschaefer v. Commonwealth ex rel. Kampschaefer,* Ky.App., 746 S.W.2d 567, 568 (1988) (District courts may assert jurisdiction over URESA action regardless of the amount of arrearages.).

■ "An 'accounting' is defined as an adjustment of the accounts of the parties and *a rendering of a judgment for the balance ascertained to be due.*" 1 Am. Jur.2d, Accounts and Accounting § 52 (emphasis added). In construing a statute identical to KRS 385.192(1), the Supreme Court of Colorado stated:

> In our view, section 11–50–120(1)(a) contains an implied grant of authority which permits a trial court to impose a wide variety of remedies. Section 11–50–120(1)(a) authorizes the court to order a custodian to account for funds held on behalf of the minor. We construe this section as not only allowing the trial court to require a custodian to provide a statement of the account, but also as enabling the court to render a judgment should the statement indicate that the account had been improperly maintained.

*Buder v. Sartore,* 774 P.2d 1383, 1389 (Colo.1989).

■ Subject-matter jurisdiction refers to a court's authority to determine "this kind of case" as opposed to "this case." *Duncan v. O'Nan,* Ky., 451 S.W.2d 626, 631 (1970). Defects in subject-matter jurisdiction may be raised by the parties or the court at any time and cannot be waived. *Commonwealth Health Corp. v. Croslin,* Ky., 920 S.W.2d 46, 47 (1996), citing *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). Specifically, subject-matter jurisdiction may be raised for the first time on appeal. *Karahalios v. Karahalios,* Ky.App., 848 S.W.2d 457, 460 (1993).

The Jessamine Circuit Court has no jurisdiction to hear a case brought under the UTMA, *i.e.,* this kind of case. The time at which the issue of subject-matter jurisdiction was first raised and by whom is of no legal consequence. Therefore, we affirm the decision of the Court of Appeals.

LAMBERT, C.J.; COOPER, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.

GRAVES, J., dissents by separate opinion.

GRAVES, Justice, dissenting.

Respectfully, I dissent.

This Court has unnecessarily circumscribed the jurisdiction of the circuit court. By virtue of KRS 23A.010, the circuit court is a court of general jurisdiction that has original jurisdiction of all justiciable causes not exclusively vested in some other court. The question is, therefore, whether the statute here under review mandates that actions of this type and kind be brought in district court.

The claim asserted by Appellant was for an accounting, removal of Appellee as custodian, and for reimbursement of sums allegedly spent improperly.

Even though KRS 385.192(1) grants the district court jurisdiction for an accounting or for a determination of responsibility for claims against the custodial property, it

does not grant such jurisdiction when the claim becomes adversarial and, as here, seeks reimbursement. Such was the case in *Lee v. Porter*[1] and *Priestley v. Priestley*.[2] In each of those cases, the district court was held to have supervisory jurisdiction with respect to the estates involved, but when the claim became adversarial, circuit court jurisdiction was recognized. *Priestley* quoted with approval from *Lee v. Porter* as follows:

> Even though KRS 387.210 confers exclusive jurisdiction upon the district court to appoint, remove and require accounting of committees and provides further for appeal to the circuit court from such acts or failure to act there appears to be no power to entertain actions involving such a fiduciary where mismanagement, fraud or deception is involved. Neither does there appear any authority to surcharge accounts or assess damages. Since the case at bar seeks the relief last mentioned based upon mismanagement of the estate by the committee, then the appellant had no alternative but to commence this action in the circuit court since the district court was without statutory power to render the judgment sought.[3]

I am unable to harmonize the majority holding in the instant case with our decisions in *Priestley v. Priestley* and *Lee v. Porter*. Accordingly, I dissent.