Devin MARATTY; Chris Meinhart, Successor Guardian for Irwin Pruitt; and Irvnisha Thomas, Appellants,

v.

Vera Mae PRUITT; and Irvin Pruitt II, Appellees.

No. 2009–CA–000695–MR.

Court of Appeals of Kentucky.

Feb. 11, 2011.

Philip W. McKinley, Louisville, KY, for appellant.

William C. Willock, Jr., Louisville, KY, for appellee.

Before TAYLOR, Chief Judge; STUMBO and VANMETER, Judges.

## OPINION

VANMETER, Judge:

District courts in Kentucky, as courts of limited jurisdiction, have subject matter jurisdiction over probate, except adversarial matters which by statute are required to be brought in circuit court. The issue we must resolve in this case is whether a district court's final judgment as to a probate settlement, albeit appealed by the administratrix, precludes a subsequent, separate circuit court action over estate administration matters which were or could have been raised in the district court. We hold that that the subsequent circuit court action is barred, and we therefore affirm the Jefferson Circuit Court's summary judgment in favor of the administratrix of the estate.

Irvin W. Pruitt (the "decedent") died intestate, a resident of Jefferson County, in 2000. He was survived by four children, including Devin Maratty, Irvnisha Thomas, and Irvin Pruitt, as his heirs at law.[1] He was also survived by his mother, Vera Mae Pruitt. Two days after the decedent's death, Vera[2] petitioned to be and was appointed administratrix of the decedent's estate by the Jefferson District Court.[3] At his death, the decedent owned several parcels of real property, including one upon which the decedent had owned and operated a liquor store.

Over the next year and a half, Vera's sister, Fernice Johnson, operated the store. In June 2002, Vera, in her fiduciary capacity, sold the store, including the real property, fixtures, and goodwill of the business, to Johnson. The district court approved the sale of the real property, but ordered an audit of the store's business from date of death until date of sale in order to account for any profits properly

---

1. The name of the decedent's fourth child does not appear in the record.

2. While normally we would refer to the parties by their surnames, we refer in this opinion to Vera Mae Pruitt by her given name to avoid confusion.

3. Vera's petition for appointment (Form AOC–805) listed only herself—designated as "Mother"—in the space for "surviving spouse, heirs at law and next of kin known to petitioner." A decedent's parents are his heirs at law only if he is not survived by children or their descendants. Kentucky Revised Statutes (KRS) 391.010(1), (2); *see Ryburn v. First Nat'l Bank*, 399 S.W.2d 313, 315 (Ky.1965) (holding that "before any succeeding class of heirs may take all those in the preceding class must be dead[ ]").

accruable to the estate during that time. That audit revealed a profit of $29,293.65.

In 2006, Vera filed a final settlement of the estate in district court, to which Maratty, individually, filed an objection alleging Vera violated her fiduciary duties by mismanaging the estate.[4] After a hearing, the district court approved the final settlement, but ordered payment from the estate to Maratty in the amount of $7,323.47 approximately one-fourth of the $29,293.65 profit accrued to the estate from the liquor store business since Irvin W. Pruitt's death. The court also ruled that Vera had made an improper charge against Maratty's share in the amount of $1,554. Vera appealed that order to Jefferson Circuit Court, Division Three, which affirmed the district court. A pending motion in that case apparently prevents the decision from being final. Although the status of that case is not clear, we will assume for purpose of this opinion, that case is NOT final.

In April 2008, Maratty, Thomas, and Chris Meinhart, as guardian for Irwin Pruitt, a minor, (collectively "Pruitt's heirs") filed this action in Jefferson Circuit Court, Division Two, alleging Vera breached her fiduciary duties by failing to account for over $29,000 in store profit. The specific statutory authority serving as the basis of the complaint was KRS 62.070, as an action for recovery on a fiduciary's bond. In addition, Pruitt's heirs made a general allegation that Vera had breached her fiduciary duties to them.[5] Ultimately, the trial court granted Vera's motion for summary judgment on the basis that Pruitt's heirs' claims were barred by the

doctrine of res judicata. This appeal followed.

Summary judgment shall be granted only if "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[6] 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.,* 807 S.W.2d 476, 480 (Ky.1991). Further, "a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id.* at 482. On review, the appellate court must determine "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App.1996).

The circuit court, as noted, granted Vera's motion for summary judgment on the grounds that the district court action was res judicata of the instant action. In *Yeoman v. Commonwealth, Health Policy Bd.,* 983 S.W.2d 459 (Ky.1998), the Kentucky Supreme Court discussed in detail the doctrine of res judicata:

The rule of res judicata is an affirmative defense which operates to bar repe-

---

4. Maratty was the only heir to object to the final settlement.

5. The complaint is not clear whether Pruitt's heirs are claiming just the $29,000 store profit, or some amount in excess for Vera's other alleged violations of fiduciary duties: securing appointment as administratrix without apparent notice to Pruitt's heirs and without a

surety securing her fiduciary bond, and selling the liquor store to her sister without accounting to the district court or Pruitt's heirs for the value of the store's liquor license, rent, inventory and goodwill.

6. Kentucky Rules of Civil Procedure.

titious suits involving the same cause of action. The doctrine of res judicata is formed by two subparts: 1) claim preclusion and 2) issue preclusion. Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Worton v. Worton*, 234 Cal.App.3d 1638, 286 Cal.Rptr. 410 (2 Dist.1991), *rev. denied* (Cal) 1992 LEXIS 472; *County of Rutherford by Child Support Enforcement Agency v. Whitener*, 100 N.C.App. 70, 394 S.E.2d 263 (1990); Vestal, *The Constitution and Preclusion–Res Judicata*, 62 Mich. L.Rev. 33. Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action. The issues in the former and latter actions must be identical. The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts. If the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or could have been brought in support of the cause of action.

For claim preclusion to bar further litigation, certain elements must be present. First, there must be identity of the parties. *Newman v. Newman*, Ky., 451 S.W.2d 417, 419 (1970). Second, there must be identity of the causes of action. *Id.* Third, the action must have been resolved on the merits. *Id.* The rule that issues which have been once litigated cannot be the subject matter of a later action is not only salutary, but necessary to the speedy and efficient administration of justice.

*Yeoman*, 983 S.W.2d at 464–65 (footnote omitted).

The three elements of the claim preclusion subpart of res judicata are present in the instant case: identity of the parties, identity of the cause of action, and the action was resolved on the merits. Pruitt's heirs contend, however, that res judicata does not apply because the district court did not originally have competent jurisdiction to hear the claims alleged in Maratty's objection to the final settlement of the estate. See *Vaughn's Adm'r v. Louisville & N. R. Co.*, 297 Ky. 309, 314, 179 S.W.2d 441, 444 (1944) (holding that res judicata "means that when a court of competent jurisdiction has determined a fact or question which was . . . in issue in a former suit, the judgment until reversed or modified, is final and conclusive in respect to such fact or question as between the parties to the suit and their privies[ ]"). We disagree with the argument that district court did not have jurisdiction.[7]

KRS 24A.120 provides, in part:

District Court shall have exclusive jurisdiction in:

. . .

(2) Matters involving probate, *except matters contested in an adversary proceeding.* Such adversary proceeding shall be filed in Circuit Court . . .; and

(3) *Matters not provided for by statute to be commenced in Circuit Court shall be deemed to be nonadversarial within the meaning of subsection (2) of this section and therefore are within the jurisdiction of the District Court.*

(emphasis added).

In regards to probate settlements, KRS Chapter 395 sets out four ways a probate

---

7. Pruitt's heirs further argue the district court judgment was not final as it was on appeal in circuit court by Vera. However, the district court judgment was final for purposes of claim preclusion.

estate may be settled: KRS 395.510 to 395.550 (circuit court action to settle an estate); KRS 395.605 (informal final settlement); KRS 395.610 to KRS 395.630 (periodic or final settlement in district court); and KRS 395.617 (proposed periodic or final settlement in district court).[8] Of the four ways to settle an estate, we observe that with respect to the latter three, the legislature has established jurisdiction in district court, and has contemplated that contested issues may arise with respect to those district court settlements. *See* KRS 395.617(1) (providing that "[i]f exceptions are filed, other evidence besides that reported may be heard, and the court shall upon the whole case, reject, confirm, alter, or amend the proposal[ ]"); KRS 395.630 (providing that "[i]f exceptions are filed, other evidence besides that reported may be heard, and the court shall upon the whole case, reject, confirm, alter or amend the proposal[ ]").

In this case, although Vera's 2006 settlement does not appear in the record, the district court's order with respect to that settlement is in the record. That order, in part, describes the "proposed distribution under the settlement" to Maratty. From this sparse record and notation, we must assume that Vera's settlement was a proposed settlement under KRS 395.617, and that the district court properly required Vera's compliance with all provisions of that statute in regard to notice to the beneficiaries, *i.e.*, Pruitt's heirs, of the hearing date. Pruitt's heirs dispute that they all received notice of the proposed settlement, but no question exists that at least one heir received notice, since Marat-

ty filed exceptions and also gave notice of those exceptions to the other heirs.

■ Notwithstanding that the legislature has granted district court jurisdiction to entertain exceptions to probate settlements, Pruitt's heirs argue that claims involving breach of fiduciary duties are reserved solely to circuit court, citing *Priestley v. Priestley*, 949 S.W.2d 594 (Ky. 1997) and *Lee v. Porter*, 598 S.W.2d 465 (Ky.App.1980). Their argument, however, ignores that the legislature establishes jurisdiction of district court. Ky. Const. § 113(6). As noted above, the legislature has given the district court jurisdiction over the settlements and accounts of fiduciaries, even those that might be contested.

In a more recent case, *Privett v. Clendenin*, 52 S.W.3d 530 (Ky.2001), the Kentucky Supreme Court, interpreting district court's jurisdiction over a custodian's accounting under the Uniform Transfers to Minors Act, KRS 385.192(1), stated that "[a]n 'accounting' is defined as an adjustment of the accounts of the parties and *a rendering of a judgment for the balance ascertained to be due.*" *Id.* at 532 (citation omitted). The Court held that under the statute, the district court had exclusive jurisdiction to adjudicate the claim, an allegation of mismanagement for which the remedy sought was a judgment of restitution. Thus, the argument that the Jefferson District Court had no jurisdiction to entertain Pruitt's heirs' claims in the context of the proposed settlement cannot be sustained. A more accurate interpretation of KRS Chapter 395, and the various provisions regarding settlements, is that district court has jurisdiction, subject only to

---

8. While one might argue that a proposed settlement is merely an adjunct to a periodic or final settlement filed under KRS 395.610, the two types of settlement are different. A careful reading of KRS 395.610 reveals that it contemplates that a fiduciary has already made the distributions reflected in the settlement. By contrast, KRS 395.617(1) explicitly permits the fiduciary to set forth proposed distributions and obtain court approval before acting. The possibility of a surcharge to the fiduciary is thereby greatly reduced.

being divested of such jurisdiction by an action in circuit court properly filed under KRS 395.510.[9]

In this instance, Maratty participated in the hearing on the proposed settlement and raised these same issues with the district court at that time, as well as on at least one prior occasion when seeking Vera's removal as administratrix. As a practical matter, the district court, having jurisdiction over a contested proposed settlement, denied Maratty the relief sought and issued a final judgment approving the proposed settlement, with the exception of ordering an additional payment to Maratty of approximately $9,000.

Because Vera filed a proposed settlement, the legislature provided Pruitt's heirs with their remedy. Under KRS 395.617(2), "[a]n aggrieved party may, no later than thirty (30) days from the entry of the order upon the proposed settlement, institute an adversary proceeding in Circuit Court pursuant to KRS 24A.120(2)." In this instance, the district court order was filed on November 30, 2006, and appealed by Vera to the circuit court on January 2, 2007. Maratty and the other heirs neither cross-appealed[10] nor filed any proceeding in circuit court within thirty days. The present action was not filed until April 18, 2008. Because Pruitt's heirs failed to avail themselves of any remedy following the district court judgment, that judgment, other than the two items appealed by Vera, is final.

Pruitt's heirs seek to salvage their cause of action by arguing that their claim, brought under KRS 62.070, is an action on Vera's fiduciary bond. Their argument seems to be that KRS 62.070 permits a claim on the bond, so long as the fiduciary has not been discharged. Again, we disagree.

■ All fiduciaries, such as executors, administrators, guardians, curators and conservators must take an oath of office, KRS 62.030, 395.120, and post a bond. The bond is "a covenant to the Commonwealth of Kentucky from the principal and surety or sureties that the principal will faithfully discharge his duties, and there shall be no other obligation in the bond." KRS 62.060(1). The prerequisite for any action to recover on the bond is that the fiduciary has breached the cove-

9. *Priestley* and *Lee* can be sustained on their facts for the primary proposition that circuit courts have jurisdiction over fiduciary settlements under KRS 395.510, since the actions had originally been filed in circuit court and then challenged on the basis that the circuit court had no jurisdiction. In each case, the "correct" result was reached in light of KRS 395.510. However, the expansive dicta in *Lee*, 598 S.W.2d at 468, and in *Priestley*, 949 S.W.2d at 597 (quoting *Lee*), limiting the jurisdiction of district courts in situations of mismanagement, fraud or deception and the potential relief which district courts may assess, is difficult to reconcile with the Kentucky Supreme Court's more recent holding in *Privett* or, for that matter, the plain and clear language of KRS 395.617(1) and KRS 395.630. *See Privett*, 52 S.W.3d at 532–33 (Graves, J., dissenting) (noting the majority decision in *Privett* cannot be "harmonized" with *Lee* and *Priestley*).

10. Even if Vera's settlement was not a proposed settlement, the result in this case would not change due to the Pruitt's heirs' notice of and participation in the district court proceeding. Kentucky case law has long recognized that the remedy of a person challenging a probate settlement who has taken part in the proceeding leading to the approval of the settlement is by appeal. *See Bell v. Henshaw*, 91 Ky. 430, 15 S.W. 3, 4 (1891) (holding that "a devisee or distributee cannot ... contest the settlement by the fiduciary in both the county and circuit court, and when he contests its validity in the county court his remedy is by an appeal[]"). Of course, prior to the 1976 amendment to the judicial article, county courts had similar jurisdiction over probate matters as do district courts presently.

nant of the bond. KRS 62.070. The covenant of the bond, as noted, is that the fiduciary "will faithfully discharge his duties." KRS 62.060. In this case, that issue is precluded by Pruitt's heirs' participation in the district court settlement. By approving the settlement, with the exception of the two items which Vera appealed to the circuit court, the district court made the implicit determination that Vera had "faithfully discharged [her] duties." This conclusion is supported by the final three sentences of KRS 395.617(1):

> Following the entry of an order of approval or of an order of amendment, the fiduciary shall disburse the assets in accordance therewith. Following the distribution, the fiduciary shall file a settlement accompanied by evidence and vouchers showing that distribution was effected in conformity with the court order. If it appears to the court that the distribution was in conformity, the court shall confirm the settlement and, if the settlement is final, discharge the fiduciary and his surety without further hearing or notice to any person.

The Jefferson District Court's adjudication of Vera's proposed final settlement precludes any additional litigation concerning the propriety of her actions. Once her appeal is resolved and Vera makes distribution and files a settlement in conformity to KRS 395.617(1), the district court is to confirm her final settlement and discharge her.

The order of the Jefferson Circuit Court is affirmed.

TAYLOR, Chief Judge, Concurs.

STUMBO, Judge, Dissents and Will Not File Separate Opinion.