Hon. Annette KAREM,
Judge, Appellant,

v.

Justin BRYANT, Appellee.

No. 2010–SC–000375–DG.

Supreme Court of Kentucky.

June 21, 2012.

Nicole Hou Wen Pang, Assistant Attorney General, Frankfort, KY, Counsel for Appellant.

Paul Vincent Hibberd, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice SCHRODER.

The issue in this appeal is whether a district court acted outside the scope of its jurisdiction when it issued an order requiring a guardian to provide all financial records related to a court-ordered accounting

and to make restitution to a guardianship account. Because the district court is granted exclusive jurisdiction to manage and settle guardianship accounts as provided under KRS 387.520, the District Count was acting soundly within its jurisdiction and the order entered by the Court of Appeals requiring the circuit court to enter a writ of prohibition was improper.

## FACTS

As the Appellee in this matter has failed to file a brief, the facts are undisputed. Bruce and Paula Bryant were involved in a motorcycle accident on November 21, 2004, wherein Bruce was fatally injured and Paula suffered a brain injury due to hypoxia. The Appellee, Justin Bryant, the son of Bruce and Paula Bryant, was named administrator of Bruce's estate and Paula's guardian. Justin spoke to an attorney in Indianapolis named Rod Taylor, as well as a second attorney in Florida, about pursuing a claim against the driver who had caused the motor vehicle accident, and the two attorneys agreed to work together on the claim. Attorney Taylor also advised Justin to obtain local counsel in Kentucky, Charles Friedman. It is undisputed that in these capacities, Justin was able to collect $452,869.01.

Although Justin collected over $400,000.00 in his separate capacities as administrator of his father's estate and guardian of his mother, Attorney Friedman did not advise him that he was required to open two separate bank accounts. As a result, he deposited the funds—which he had accumulated on behalf of both his parents separately—into one account in the name of the Estate of Paula J. Bryant, comingling the assets of the Estate of Bruce Bryant with the assets of the Estate of Paula Bryant. Justin used the money for a variety of expenses which he claims were all for the benefit of

his mother. One such expenditure was a payment for Friedman's legal fees. Justin and Friedman argued before the lower courts that Friedman performed services entirely for Paula's benefit.

On April 6, 2006, Paula's parents filed a motion to have Justin removed as her guardian, alleging that, among other things, Justin had never made an accounting or filed a financial report after his appointment as guardian. The district court ordered Justin to provide a full accounting of the expenditures he made from his mother's account. On May 1, 2006, the district court entertained the motion made by Paula's parents to remove Justin as guardian. By order dated May 4, 2006, the district court appointed GuardiaCare to serve as Paula's guardian and also ordered Justin to provide a final accounting.

Justin filed an accounting on May 31, 2006, which included various bank statements (but no vouchers or receipts), along with a statement that it be accepted as the "Final Report as Guardian or Conservator, and that I and my surety be discharged." The Jefferson County Attorney and Paula's Guardian ad litem objected to the accounting on the grounds that it did not include any explanation of the expenditures as required by KRS 395.610. When Justin failed to respond to this objection and the district court could not locate his whereabouts, the Commonwealth filed a motion for contempt dated July 21, 2006. The Commonwealth also filed a motion for the return of attorney's fees paid to Friedman in the amount of $25,323.00.

On December 15, 2006, after a series of hearings, orders for a more complete accounting, and motions to hold Justin in contempt, the district court ordered Justin to repay $58,152.19 to Paula's guardianship account. The court later held Justin in contempt for failure to comply with this order and for failure to comply with an

order that he provide a complete accounting. On March 5, 2007, the court ordered Friedman to return $25,750 in legal fees to Paula's account.

Following a contempt hearing, the district court issued another order on June 11, 2007. This order required Justin to repay $8,191.74 in restitution to Paula's account and ruled Justin and Friedman jointly and severally liable to repay the $25,750 in restitution to Paula's account previously ordered.

Justin and Friedman appealed the district court's orders to the circuit court, but the appeal was dismissed for lack of standing. Justin then petitioned the Jefferson Circuit Court for a writ prohibiting District Judge Prather from enforcing his orders of December 15, 2006, and June 11, 2007. Friedman petitioned the circuit court to prohibit the district judge from enforcing the orders of March 5, 2007, and June 11, 2007. On appeal, Justin and Friedman argued Judge Prather exceeded the jurisdiction of the district court in ordering them to pay restitution. The circuit court denied the petition because "Judge Prather's orders of December 15, 2006 and March 5, 2007, were valid exercises of both his contempt powers and powers under Kentucky Revised Statute (KRS) 387.520."

Justin alone filed an appeal with the Court of Appeals, arguing that the district court was without subject matter jurisdiction to order restitution and that, without the issuance of a writ of prohibition, he had no adequate remedy by appeal. On March 19, 2010, the Court of Appeals reversed the Jefferson Circuit Court and remanded the case back for entry of a writ of prohibition, opining that the district court lacked jurisdiction because the charge was one of mismanagement of funds and beyond the scope of the court's

powers under KRS 24A.120. This Court granted discretionary review.

## ANALYSIS

A writ of prohibition is an extraordinary remedy, available only in two instances: 1) when a "lower court is proceeding or is about to proceed outside its jurisdiction and there is no remedy through an application to an intermediate court; or 2) the lower court is about to act incorrectly, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise, and great injustice or irreparable injury will result." *Ally Cat, LLC v. Chauvin,* 274 S.W.3d 451, 456–57 (Ky.2009) (quoting *Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky.2004)). The standard of review to be applied when reviewing a writ of prohibition depends on the class or category of writ. *Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803, 810 (Ky.2004). When the lower court is alleged to be acting outside its jurisdiction, as alleged in the present case, the proper standard is de novo review because jurisdiction is generally only a question of law. *Id.*

By virtue of section 113 of the Kentucky Constitution, district courts are tribunals of limited jurisdiction and are restricted to those matters provided for by the General Assembly. Ky. Const. § 113(6). Under KRS 24A.020, the General Assembly provided that the district courts are deemed to have exclusive jurisdiction over any matter when jurisdiction is "granted to District Court by statute ... unless the statute specifically states that the jurisdiction shall be concurrent."

Turning to the issues presented in the present case, two statutes expressly confer jurisdiction on the district courts in matters involving guardianships and probate. KRS 387.520 was enacted to confer exclusive jurisdiction in the district courts in enumerated guardianship proceedings

and provides, in pertinent part, that "[t]he District Courts shall have exclusive jurisdiction over all proceedings involving a determination of partial disability or disability, the modification of orders, the appointment and removal of guardians and conservators, and *the management and settlement of their accounts.*" (Emphasis added). Thus, the statute explicitly and unambiguously confers exclusive jurisdiction to the district courts for the management and settlement of guardianship accounts. In addition, KRS 24A.120 was enacted to confer exclusive jurisdiction in the district courts in the following probate proceedings:

> (2) Matters involving probate, except matters contested in an adversary proceeding. Such adversary proceeding shall be filed in Circuit Court in accordance with the Kentucky Rules of Civil Procedure and shall not be considered an appeal; and
>
> (3) Matters not provided for by statute to be commenced in Circuit Court shall be deemed to be nonadversarial within the meaning of subsection (2) of this section and therefore are within the jurisdiction of the District Court.

■ Thus, in both guardianship and in probate proceedings the district court has exclusive jurisdiction to oversee the management and settlement of accounts. *See also Privett v. Clendenin,* 52 S.W.3d 530, 531–32 (Ky.2001); *Maratty v. Pruitt,* 334

S.W.3d 107 (Ky.App.2011). In holding that the district court exceeded its jurisdiction once "mismanagement" of funds was alleged, the Court of Appeals relied chiefly on a decision by the Court of Appeals in *Lee v. Porter,* 598 S.W.2d 465 (Ky.App.1980).[1]

Reliance on *Lee* in this case is misguided.[2] *Lee,* a decision rendered by the Court of Appeals, involved the interpretation of a different statute, KRS 387.210, which was repealed in 1982. 598 S.W.2d at 468. That statute granted the District Court exclusive jurisdiction of the "appointment and accounting of committees," however, since July 1, 1982, it has been replaced by KRS 387.520. In contrast to the prior statute, KRS 387.520 now provides the district courts with exclusive jurisdiction over all guardianship proceedings, including "the appointment and removal of guardians and conservators, and *the management and settlement of their accounts.*" (Emphasis added).

■ As there is no provision under KRS 387.520 for concurrent jurisdiction with the circuit court, the district courts have exclusive subject-matter jurisdiction over the management and settlement of guardianship accounts, even if such an accounting would be adversarial in nature under KRS 24A.120(2).[3] *See, e.g., Privett v. Clendenin,* 52 S.W.3d 530 (Ky.2001) (Where district courts are granted exclu-

---

1. Although Justin did not file a brief on the merits in the appeal to this Court, in his brief filed at the Court of Appeals, Justin similarly relied on *Lee* in addition to this Court's holding in *Priestley v. Priestley,* 949 S.W.2d 594 (Ky.1997).

2. Moreover, in *Lee,* the Court of Appeals did not address the exception under KRS 24A.120(3), that "[m]atters not provided for by statute to be commenced in Circuit Court shall *be deemed to be nonadversarial* within the meaning of [the district court's probate

jurisdiction] and therefore *are within* the jurisdiction of the District Court." (Emphasis added).

3. Justin was ordered to render an accounting in his capacity as the guardian of his mother, and not as administrator of his father's estate. Therefore, the provision under KRS 24A.120(3), deeming probate matters nonadversarial and within the district court's jurisdiction if they are "not provided for by statute to be commenced in Circuit Court," is not applicable.

sive jurisdiction by statute under the Uniform Transfers to Minors Act (UTMA) to handle accounting claims, they have the authority to decide these claims even though the amounts involved exceed the jurisdictional limitation of $4,000 under KRS 24A.120(1)); *Kampschaefer v. Commonwealth ex rel. Kampschaefer,* 746 S.W.2d 567, 568 (Ky.App.1988) (District courts may assert jurisdiction over URESA action regardless of the amount of arrearages.).

"An 'accounting' is defined as an adjustment of the accounts of the parties and a rendering of a judgment for the balance ascertained to be due." 1 Am.Jur.2d, Accounts and Accounting § 52. In *Privett,* this Court construed the authority of the district court to order and render an accounting under KRS 385.192(1) (the UTMA), and explained that a statute granting district courts the authority to settle accounts "contains an implied grant of authority which permits a trial court to impose a wide variety of remedies ... [including] allowing the trial court to require a custodian to provide a statement of the account, [and] ... enabling the court to render a judgment should the statement indicate that the account had been improperly maintained." 52 S.W.3d at 532 (quoting *Buder v. Sartore,* 774 P.2d 1383, 1389 (Colo.1989)).

For the foregoing reasons, the Court of Appeals erred in opining that the district court lacked jurisdiction. Accordingly, we reverse the opinion of the Court of Appeals, vacate the order requiring the circuit court to enter a writ of prohibition, and remand for proceedings consistent with this opinion.

All sitting. All concur.