RENDERED: SEPTEMBER 22, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0452-MR

DEBRA GOFF, INDIVIDUALLY,  APPELLANT
AND AS EXECUTRIX OF
THE ESTATE OF ELBERT GOFF, SR.


|  | ON APPEAL FROM COURT OF APPEALS |
| V. | NO. 2021-CA-0464 |
|  | JEFFERSON CIRCUIT COURT NO. 20-CI-001091 |


HONORABLE BRIAN C. EDWARDS,  APPELLEE
JUDGE, JEFFERSON CIRCUIT COURT

AND

BRENDA DAUGHERTY,  REAL PARTIES IN INTEREST
JENNIFER LYNN GOFF ARMSTRONG,
AARON MATTHEW GOFF,
JESSICA GOFF,
TRAVIS EUGENE GOFF,
BRANDON GRIDER,
DONELLA SIMMS GRIDER,
ANNETTE THOMPSON, AND
TINA THOMPSON


**OPINION OF THE COURT BY JUSTICE HUGHES**

**<u>AFFIRMING</u>**

This writ action requires us to once again consider the interplay of district and circuit court jurisdiction in matters related to probate. Appellant, Debra Goff (Goff), individually and in her capacity as the personal representative (Executrix) of the Estate of Elbert Goff, Sr., seeks a writ of mandamus directing the Jefferson Circuit Court to dismiss the underlying

Jefferson Circuit Court action filed by Annette Thompson, Tina Thompson, and Brenda Daugherty (Goff's sisters, hereinafter referred to as "Sisters"). The underlying complaint brings a cause of action against Goff[1] and against Brandon Grider, Donella Simms Grider, Jennifer Lynn Goff Armstrong, Travis Eugene Goff, Aaron Matthew Goff, and Jessica Goff. Goff contends that the Jefferson Circuit Court does not have jurisdiction over the subject matter of the complaint because it concerns probate matters within the exclusive jurisdiction of the Jefferson District Court. Goff also argues that because the complaint sets forth claims on behalf of the Estate which are actionable only by the personal representative, the Sisters lack standing to bring the action. The Court of Appeals denied the writ. For reasons stated below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Goff is the oldest of Elbert Goff, Sr.'s (Elbert) six children. In 1981, Elbert executed his Last Will and Testament, naming Goff as the Executrix and leaving his estate to his six children in equal amounts "per stirpes." In 2002, Elbert executed a Power of Attorney, naming Goff as his attorney-in-fact. Elbert died in November 2017. In March 2019, Goff presented Elbert's Will for probate in Jefferson District Probate Court and Goff was appointed Executrix. In March 2020, the Sisters, beneficiaries, filed a complaint against Goff and others. The complaint was amended in April 2021. The Sisters allege that Goff breached her fiduciary duties to Elbert before he died by self-dealing through

---

[1] She is identified as Debra Goff-Grider in the complaint and amended complaint.

2

the misuse of the Power of Attorney and after he died by self-dealing through the misuse of her authority as Executrix of Elbert's Estate. The Sisters also claim Goff failed to pursue debts owed to Elbert, particularly mortgage loans made to Goff's son and daughter-in-law. The Sisters demanded Goff provide an accounting of Elbert's assets and alleged that Goff herself did not report to the probate court the $400,000 she owed to Elbert. Their demand for relief from the circuit court includes the imposition of a constructive Trust upon the assets of Elbert's Estate, Goff being held liable for all money and assets that should be part of Elbert's Estate, punitive damages for Goff's willful and/or reckless misconduct as Elbert's fiduciary, and Goff's restraint from further administration of Elbert's Estate.

Goff moved to dismiss the original complaint against her on the basis that the circuit court did not have jurisdiction of the claims, but the circuit court denied the motion. The circuit court concluded that the Sisters, Elbert's heirs, have standing to pursue the asserted claims. While citing Kentucky Revised Statute (KRS) 395.510(1) as allowing the Sisters to file a circuit court action, the circuit court also concluded that it has subject-matter jurisdiction over the Sisters' claims under the provision in KRS 24A.120(2) excluding "an adversarial proceeding involving probate" from district court jurisdiction.

Goff also objected to the subsequent filing of the amended complaint which also makes claims against other family members alleged to owe money to the Estate. Goff argued that claims against third parties do not fall within the purview of a KRS 395.510 settlement action and incorporated her previously-

3

made standing and subject-matter jurisdiction arguments. The circuit court overruled Goff's objections and allowed the amended complaint to be filed.

Goff petitioned the Court of Appeals for a writ mandating the Jefferson Circuit Court dismiss the Sisters' complaint. The Court of Appeals denied the request, concluding first that the Jefferson Circuit Court has subject-matter jurisdiction over the claims alleged in the Sisters' complaint, making a first-class writ unavailable. As for Goff's argument that the Sisters did not have standing to bring the claims, the Court of Appeals concluded that even if that were true, Goff has an adequate remedy by appeal, making a second-class writ unavailable. This appeal followed.[2]

## II. ANALYSIS

Being an extraordinary remedy, a writ is cautiously and conservatively granted. *Bender v. Eaton,* 343 S.W.2d 799, 800 (Ky. 1961). One type of writ, commonly known as a first-class writ, may be granted when a lower court is acting on matters outside its subject-matter jurisdiction. *Goldstein v. Feeley*, 299 S.W.3d 549, 551-52 (Ky. 2009). "The court has subject matter jurisdiction when the 'kind of case' identified in the pleadings is one which the court has been empowered, by statute or constitutional provision, to adjudicate." *Daugherty v. Telek,* 366 S.W.3d 463, 467 (Ky. 2012) (citation omitted).

> One seeking a writ when the lower court is acting "outside of its jurisdiction" need not establish the lack of an adequate alternative remedy or the suffering of great injustice and irreparable injury. Those preconditions apply [when one seeks a second-class writ,

---

[2] While Goff requested oral argument, the Court finds it unnecessary to resolve this writ case.

4

which may be granted] when a lower court acts "erroneously but within its jurisdiction."

*Goldstein*, 299 S.W.3d at 552. The lower court's grant or denial of a writ is generally reviewed for an abuse of discretion. *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004). However, when it is alleged that the lower court is acting outside its jurisdiction, a question of law is generally raised, and we review that question de novo. *Id.*

## A. The Circuit Court Has Subject-Matter Jurisdiction

Goff insists this is a case in which the Court needs to disentangle the overlap of district and circuit court jurisdiction in probate matters and in doing so define a "settlement" action as referenced in KRS 395.510. The Court of Appeals primarily relied on *Priestley v. Priestley*, 949 S.W.2d 594 (Ky. 1997), and *Myers v. State Bank & Trust Co.*, 307 S.W.2d 933 (Ky. 1957), authority cited within *Priestley*, to conclude the circuit court has subject-matter jurisdiction of this case. Goff contends, citing *Maratty v. Pruitt*, 334 S.W.3d 107 (Ky. App. 2011), that *Priestley*'s subject-matter jurisdiction analysis is only dicta. She also cites *PNC v. Edwards*, 590 S.W.3d 818 (Ky. 2019) (analyzing KRS 386B.8-180); *Karem v. Bryant*, 370 S.W.3d 867 (Ky. 2012) (analyzing KRS 387.520); *Maratty*, 334 S.W.3d 107 (analyzing KRS 395.617); and *Privett v. Clendenin*, 52 S.W.3d 530 (Ky. 2001) (analyzing KRS 385.192(1)), as recent cases which establish with clarity the exclusive jurisdiction of the district court in the management and settlement of probate estates. Upon review of these cases and the various statutes at issue in each, other than *Maratty* perhaps,

5

we do not view the cases as adding to the guidance for resolving district and circuit court jurisdiction disputes in probate matters under KRS Chapter 395 and Chapter 24A. Instead, the plain language of the statutes, the foundation for discerning legislative intent, *Stephenson v. Woodward*, 182 S.W.3d 162, 169-70 (Ky. 2005) ("The most logical and effective manner by which to determine the intent of the legislature is simply to analyze the plain meaning of the statutory language: '[r]esort must be had first to the words, which are decisive if they are clear.'" (quoting *Gateway Constr. Co. v. Wallbaum,* 356 S.W.2d 247, 249 (Ky. 1962))), leads to the conclusion that the Jefferson Circuit Court has subject-matter jurisdiction of the underlying case. Our analysis requires consideration of the jurisdictional structure of the circuit court and the district court generally and the treatment of probate matters particularly. Goff's focus within this structure is KRS 395.510(1). She asserts that the claims against her, claims related to management or mismanagement of the Estate, do not fall within the boundary of a KRS 395.510(1) "settlement" action.

In 1976, a restructuring of the courts occurred upon amendment of the Kentucky Constitution with the new Judicial Article. *West v. Goldstein*, 830 S.W.2d 379, 381 (Ky. 1992). Within the Kentucky Judiciary Act of 1976, KRS 23A.010(1) was enacted specifying that the "Circuit Court is a court of general jurisdiction; it has original jurisdiction of all justiciable causes not exclusively

6

vested in some other court." *Id.*[3] KRS 24A.120 was enacted specifying the district court's exclusive jurisdiction. *Id.*[4] The district court has exclusive jurisdiction in "[m]atters involving probate, except matters contested in an adversary proceeding. Such adversary proceeding shall be filed in Circuit Court in accordance with the Kentucky Rules of Civil Procedure and shall not be considered an appeal." KRS 24A.120(2). In relation to KRS 24A.120's grant of exclusive jurisdiction, KRS 24A.020 provides, "When jurisdiction over any matter is granted to District Court by statute, such jurisdiction shall be deemed to be exclusive unless the statute specifically states that the jurisdiction shall be concurrent." KRS 24A.120(3) further explains that "[m]atters not provided for by statute to be commenced in Circuit Court shall be deemed to be nonadversarial within the meaning of [KRS 24A.120(2)] and therefore are within the jurisdiction of the District Court."[5, 6]

---

[3] Section 112(5) of the Kentucky Constitution provides, "The Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court. It shall have such appellate jurisdiction as may be provided by law."

[4] Section 113(6) of the Kentucky Constitution provides, "The district court shall be a court of limited jurisdiction and shall exercise original jurisdiction as may be provided by the General Assembly."

[5] KRS 24A.120 was revised in 1980, adding then KRS 24A.120(1)(c) which stated: "Matters not provided for by statute to be commenced in circuit court shall be deemed to be nonadversarial within the meaning of paragraph (b) of this subsection and therefore are within the jurisdiction of the district court." 1980 Ky. Acts ch. 259 § 1. While KRS 24A.120(1)(c) was added, then KRS 24A.120(2) was repealed, which stated: "Papers relating to uncontested probate matters shall be filed in the office of the county clerk. In the event a probate matter is contested, the Supreme Court shall by rule provide for filing duplicate papers in circuit and county clerks' offices." *Id.*

[6] Under KRS 24A.120(3)'s provision, this would include the meaning that matters provided for by statute to be commenced in Circuit Court shall be deemed to be adversarial within the meaning of KRS 24A.120(2) and therefore not within the jurisdiction of the District Court. *See McElroy v. Taylor*, 977 S.W.2d 929, 931 (Ky. 1998) ("Secondly, this is not a matter contested in an adversary proceeding. *See* KRS

KRS Chapter 395 contains the other statutes at issue in this case.  KRS 395.510, also acted upon by the General Assembly in 1976[7] and unchanged since, is a statute which allows circuit court jurisdiction for settlement of a decedent's estate.  While KRS 395.510(1) places a restriction as to when the circuit court action may be filed, the circuit court jurisdiction extends to an action by "a representative, legatee, distributee or creditor" of the decedent in order to settle the decedent's estate.  KRS 395.510(1) states in full:

> A representative, legatee, distributee or creditor of a deceased person may bring an action in circuit court for the settlement of his estate provided that no such suit shall be brought by any of the parties named except the personal representative until the expiration of six months after the qualification of such representative.[8]

Actions initiated pursuant to KRS 395.510 and similar cases brought prior to the Kentucky Revised Statutes codification have long been called "settlement suits."  *See Harris v. Harris' Adm'r*, 145 S.W. 369 (Ky. 1912).[9]  KRS 395.515,

---

24A.120(2).  No statute provides for the renunciation of a will by a guardian to be commenced in circuit court.  KRS 24A.120(3).").

[7] 1976 Ky. Acts ch. 14 § 394 (Special Session) (effective Jan. 2, 1978).  KRS 395.510's lineage may be traced from the Kentucky Civil Code of Practice.  It was codified in 1918.  1918 Ky. Acts ch. 155.

[8] KRS 395.510(2) states: "The representatives of the decedent, and all persons having a lien upon or an interest in the property left by the decedent, or any part thereof, and the creditors of the decedent, so far as known to the plaintiff, must be parties to the action as plaintiffs or defendants."

[9] *Harris* quotes then Sections 428 and 429 from the Kentucky Civil Code of Practice relating to the settlement of estates:

> Sec. 428. 1. A representative, legatee, distributee or creditor of a deceased person may bring an action in equity for the settlement of his estate.  2. The representatives of the decedent and all persons having a lien or an interest in the property left by the decedent, so far as known to the plaintiff, must be parties to the action as plaintiffs or defendants.

unchanged since 1964, *see* 1964 Ky. Acts ch. 105 § 1, provides further

guidance for understanding the initiation of a circuit court action to settle an

estate and the circuit court's role in such suit.[10]  It states:

> In such an action the petition must state the amount of the debts
> and the nature and value of the property, real and personal, of the
> decedent, so far as known to the plaintiff; ***if it appears that there
> is a genuine issue concerning the right of any creditor,
> beneficiary or heir-at-law to receive payment or distribution,
> or if it appears that there is a genuine issue as to what
> constitutes a correct and lawful settlement of the estate, or a
> correct and lawful distribution of the assets, such issues may
> be adjudicated by the court***; and, if it shall appear that the
> personal estate is insufficient for the payment of all debts, the
> court may order the real property descended or devised to the heirs

---

Sec. 429.  In such an action the petition must state the amount of the
debts and the nature and value of the property, real and personal, of the
decedent, so far as known to the plaintiff; and, if it shall appear that the
personal estate is insufficient for the payment of all debts the court may
order the real property descended or devised to the heirs or devisees who
may be parties to the action, or so much thereof as shall be necessary, to
be sold for the payment of the residue of such debts.

*Id.* at 369.

At the point *Harris* was decided, Section 3847 of the Kentucky Statutes forbid
the bringing of an action against a personal representative within six months after his
qualification, "except to settle the estate."  An action for the settlement of an estate
could be brought as soon as the representative qualified.  *See id.*

*Harris* affirmed the circuit court's dismissal of the suit because the suit failed to
comply with the Civil Code's requirements.  *Id.* at 370.  *Harris*, however, noted that the
action denominated as a suit to settle the estate of L.G. Harris was in reality merely
seeking an accounting by the administrator and calling the action a "settlement suit"
would not make it so.  *Id.*  *Harris* further explained that the purpose of Section 429 of
the Civil Code of Practice was "to bring the entire estate of the decedent, and a
statement of his debts, within the jurisdiction of the court, in order that the rights of
all parties interested in either may be properly and equitably adjusted."  *Id.*

[10] Goff notes that KRS 395.515 sets forth the mandatory content of a KRS
395.510 "settlement" action and in so doing helps to outline its parameters.  Goff cites
*Gregory v. Hardgrove*, 562 S.W.3d 911, 913 (Ky. 2018) (citing *Smith v. Louisville Trust
Co.*, 237 S.W.2d 836, 837 (Ky. 1951)), as suggesting that a settlement action is
available only in the event the personal assets are inadequate to pay a creditor or heir.
She does not cite or mention KRS 395.515's identification of issues which may be
adjudicated by the court.

9

or devisees who may be parties to the action, or so much thereof as shall be necessary, to be sold for the payment of the residue of such debts.[11]

(Emphasis added.)

In 1992, the General Assembly created a new section within KRS Chapter 395,[12] codified in KRS 395.617(1) and (2), related to orderly settlement of estates, particularly the filing of a proposed settlement in district court and the filing of an adversarial proceeding in circuit court by a person aggrieved by the proposed settlement.  1992 Ky. Acts ch. 218 § 1.  KRS 395.617(2), pertaining to bringing an action in circuit court, states: "An aggrieved party may, no later than thirty (30) days from the entry of the order upon the proposed settlement, institute an adversary proceeding in Circuit Court pursuant to KRS 24A.120(2)."

The Court of Appeals relied upon *Priestley* when concluding that the circuit court has subject-matter jurisdiction of the Sisters' claims.  Upon review, we agree with *Maratty*, 334 S.W.3d at 112 n.9, that the subject-matter

---

[11] The procedure codified under KRS 395.515 has served as the means by which a personal representative could sell land if the decedent did not grant him that power.  *See Jones v. Keen*, 160 S.W.2d 164, 165 (Ky. 1942) ("The personal estate of a deceased person is responsible for his debts and it is the duty of the administrator to pay out of the personal estate all debts of the decedent whether secured or unsecured. If the personal estate is not sufficient to pay the debts, the administrator may petition the court for sale of the real estate owned by the decedent at the time of his death. Should the administrator fail to file such action within 6 months after his appointment, any creditor may file suit for that purpose." (citing Sections 428 and 429, Civil Code of Practice)).

[12] Within KRS Chapter 395, KRS 395.600 through KRS 396.657 are the statutes related to district court settlements.  Within that range, KRS 395.617 Proposed Settlement and KRS 395.657 Trial Court May Make Settlement are currently the only two statutes which did not originate from or were not acted upon by the Kentucky General Assembly during its 1976 Special Session.

jurisdiction analysis in *Priestley* is dicta. Nevertheless, upon review of the statutes and the other cases which Goff cites in support of her argument that this Court should hold that the Jefferson Circuit Court does not have subject-matter jurisdiction in this case, we conclude the Court of Appeals reached the correct result and thus we affirm that court, albeit for different reasons.

Our conclusion that the Jefferson Circuit Court has subject-matter jurisdiction of the underlying action rests on application of the plain language of the jurisdiction statutes to the facts of this case. As highlighted above, in accordance with KRS 24A.120(2) and (3), the circuit court's jurisdiction provided within KRS 395.510 and KRS 395.515 allows it, as stated in KRS 395.515, to resolve settlement and distribution claims "if it appears that there is a genuine issue as to what constitutes a correct and lawful settlement of the estate, or a correct and lawful distribution of the assets." While the circuit court has described the Sisters' claims as alleging mismanagement and fraud, the claims alleging that Goff and other family members owe money to the Estate satisfy the statute's requirement as there appears to be a genuine issue as to what constitutes a correct and lawful settlement of the Estate and/or a correct and lawful distribution of the assets. This action, an adversarial proceeding, falls within the bounds of KRS 395.510 and KRS 395.515. Having concluded that the Jefferson Circuit Court has subject-matter jurisdiction of the Sisters' claims, a first-class writ is not available to Goff.

11

**B. Standing to Bring Claims Regarding Goff's Misuse of the Power of Attorney Is an Issue Adequately Addressed by an Appeal**

Goff argues that the Sisters lack constitutional standing to bring the misuse of the Power of Attorney claims against her because the Sisters are not Elbert's personal representatives, a requirement to prosecute such a claim under KRS 411.140. Based upon this argument, the Court of Appeals viewed Goff as also requesting a second-class writ, the writ which may issue if the circuit court is acting erroneously within its jurisdiction. However, because an adequate remedy by appeal remains available to Goff, the Court of Appeals did not address the merits of Goff's arguments regarding the Sisters' standing.

Goff now argues before this Court that the Court of Appeals erred in holding that the constitutional standing issue does not implicate a first-class writ. She reiterates that the Power of Attorney misuse claims concern personal injury to Elbert during his lifetime, a claim arising under KRS 411.140, and only a personal representative can bring such claims. KRS 411.140 states:

> No right of action for personal injury or for injury to real or personal property shall cease or die with the person injuring or injured, except actions for slander, libel, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury. **For any other injury an action may be brought or revived by the personal representative**, or against the personal representative, heir or devisee, in the same manner as causes of action founded on contract.

(Emphasis added.)

While Goff argues that constitutional standing is implicated, we must disagree. As explained in *Harrison v. Leach*, "subject-matter jurisdiction involves a court's ability to hear a type of case while standing involves a party's

12

ability to bring a specific case." 323 S.W.3d 702, 705 (Ky. 2010). "[S]tanding focuses more narrowly on whether a particular party has the legally cognizable ability to bring a particular suit. Although the concepts bear some resemblance to each other, standing is distinct from subject-matter jurisdiction." *Id.* at 706.

As Goff has framed her argument, she essentially asserts that her Sisters do not have

> what courts have referred to as "statutory standing." Standing in this sense has to do with "whether a statute creating a private right of action authorizes a particular plaintiff to avail herself of that right of action." *Small v. Federal National Mortgage Association,* 286 Va. 119, 747 S.E.2d 817 (2013) (quoting *CGM, LLC v. BellSouth Telecomm., Inc.,* 664 F.3d 46, 52 (4th Cir. 2011)). The question is whether the plaintiff is among the class of persons authorized by the statute to bring suit, and as such "statutory standing" is not a jurisdictional question, but is essentially a matter of statutory construction.

*Lawson v. Office of Atty. Gen.,* 415 S.W.3d 59, 67 (Ky. 2013) (footnote omitted). With it being established that the circuit court has subject-matter jurisdiction of this case, the Court of Appeals did not err by addressing whether a second-class writ may issue on Goff's behalf.

> [I]n most of the cases under the second class of writ cases, i.e., where the lower court is acting within its jurisdiction but in error, the court with which the petition for a writ is filed only reaches the decision as to issuance of the writ once it finds the existence of the "conditions precedent," i.e., no adequate remedy on appeal, and great and irreparable harm. If these procedural prerequisites for a writ are satisfied, whether to grant or deny a petition for a writ is within the lower court's discretion.

*Trude*, 151 S.W.3d at 810 (citation, associated quotation marks, and alterations omitted).

13

The Court of Appeals concluded that even if the circuit court acted erroneously, upon entry of a final and appealable order, as *Priestley*, 949 S.W.2d at 598, demonstrates, Goff may file a direct appeal challenging the Sisters' standing. The Court of Appeals also concluded that Goff has not shown a great and irreparable harm, *see Hoskins v. Maricle*, 150 S.W.3d 1, 19-20 (Ky. 2004), caused by defending the underlying action. Goff does not challenge either of these findings before this Court. Consequently, we conclude that Goff does not qualify for a second-class writ and the Court of Appeals did not abuse its discretion by denying the writ.

### III.  CONCLUSION

The prerequisite conditions necessary for issuance of a writ of the first or second class are not present in this case. The Jefferson Circuit Court has subject-matter jurisdiction of the underlying action, rendering a first-class writ inapplicable. Further an appellate remedy is available, and great injustice and irreparable injury will not be suffered by Goff, rendering a second-class writ unavailable. Consequently, we affirm the Court of Appeals' denial of Goff's request for a writ of mandamus directing the Jefferson Circuit Court to dismiss the underlying action.

All sitting.  All concur.

COUNSEL FOR APPELLANT:

William Kirk Hoskins


APPELLEE:

Hon. Brian C. Edwards

COUNSEL FOR BRENDA DAUGHERTY;
ANNETTE THOMPSON; AND TINA THOMPSON,
APPELLEES/REAL PARTIES IN INTEREST:

John Key Schoen
Key Schoen Law

Jennifer Lynn Goff Armstrong, Pro Se
Appellee/Real Party in Interest

Aaron Matthew Goff, Pro Se
Appellee/Real Party in Interest

Jessica Goff, Pro Se
Appellee/Real Party in Interest

Travis Eugene Goff, Pro Se
Appellee/Real Party in Interest

Brandon Grider, Pro Se
Appellee/Real Party in Interest

Donella Simms Grider, Pro Se
Appellee/Real Party in Interest