Terry Arthur GIESE, Appellant

v.

Elizabeth GIESE (Hamilton), Appellee

NO. 2015-CA-001629-MR

Court of Appeals of Kentucky.

SEPTEMBER 1, 2017; 10:00 A.M.

BRIEFS FOR APPELLANT: Diana L. Skaggs, Elizabeth M. Howell, Louisville, Kentucky.

BRIEF FOR APPELLEE: Gerald DeRossett, Prestonsburg, Kentucky.

BEFORE: KRAMER, CHIEF JUDGE; ACREE AND JOHNSON, JUDGES.

## OPINION

JOHNSON, JUDGE:

Terry Arthur Giese ("Terry") brings this appeal from the Floyd Family Court's Findings of Fact, Conclusions of Law and Judgment, entered March 20, 2015,[1] denying his motion to modify support and maintenance obligations established in 2006 in dissolution proceedings initiated in a Tennessee court. After reviewing the record in conjunction with the applicable legal authorities, we REVERSE the judgment and REMAND to the Floyd Family Court for further proceedings consistent with this Opinion.

## BACKGROUND

Terry and Elizabeth Giese (Hamilton) ("Elizabeth") divorced on December 27, 2006, following a 19-year marriage. The marriage and divorce occurred within the state of Tennessee. At the time of the divorce, the Tennessee court found that Terry was capable of earning $80,000.00 per year and ordered "Alimony in Futuro" (hereinafter "spousal maintenance") at $1,500.00 per month. "Alimony in futuro" is defined by the Tennessee legislature as "periodic alimony … a payment of support and maintenance on a long term basis or until death or remarriage of the recipient." Tennessee Code Annotated (Tenn. Code Ann.) § 36-5-121(f)(1)(2)(3).

Terry domesticated the Tennessee judgment with the Floyd Circuit Court on Sep-

tember 6, 2011, as he and Elizabeth were now residents of Kentucky and continue to reside in this state to this day. Subsequently, Terry moved the Floyd Circuit Court to modify his Tennessee-ordered spousal maintenance obligation on November 1, 2012, based on allegations that Elizabeth had begun cohabitating with another individual and that Terry had suffered "a substantial and continuing reduction in his income".

The Floyd Circuit Court held its motion in abeyance, citing ongoing litigation between the parties in Tennessee. Elizabeth then failed to appear at a scheduled hearing in front of the Tennessee court, which dismissed Elizabeth's perjury allegation against Terry, and determined that "any and all other matters (i.e. Child Support and Alimony) will be heard by the Courts of competent jurisdiction for the State of Kentucky since [Elizabeth], [Terry] and the parties' child (Ron), all reside in Kentucky and have for over one (1) year."

The Floyd Circuit Court consequently overruled Terry's motion to modify his spousal maintenance, finding he had not shown grounds to modify it. Terry then appealed that ruling to us.

## STANDARD OF REVIEW

█ "When the lower court is alleged to be acting outside its jurisdiction, as alleged in the present case, the proper standard is de novo review because jurisdiction is generally only a question of law." *Karem v. Bryant*, 370 S.W.3d 867, 869 (Ky. 2012) (internal citations omitted).

## ANALYSIS

█ While the Floyd Circuit Court ruled on the merits of Terry's motion to

---

**1.** Terry filed a motion pursuant to Kentucky Rules of Civil Procedure (CR) 59.05, suspending the running of time in which to file his notice of appeal. CR 73.02(1)(e). The family court's denial of that motion erroneously stated that the Findings of Fact, Conclusions of Law and Judgment was dated March 27, 2015.

modify spousal maintenance, such a ruling is barred by Kentucky and Tennessee statutory law. Kentucky courts lack subject-matter jurisdiction. Terry correctly cites to the case of *Privett v. Clendenin*, 52 S.W.3d 530, 532 (Ky. 2001), which states, "The time at which the issue of subject-matter jurisdiction [is] first raised … is of no legal consequence." Therefore, the fact that Terry initially appealed this matter on other, unrelated grounds is of no consequence to our determination now.

Kentucky Revised Statutes (KRS) 407.5211(1) states "A tribunal of this state issuing a spousal-support order consistent with the law of this state has continuing, exclusive jurisdiction to modify the spousal-support order **throughout the existence of the support obligation.**" (Emphasis added). KRS 407.5211(2) states, "A tribunal of this state may not modify a spousal support order issued by a tribunal of another state … having continuing, exclusive jurisdiction over that order under the law of that state…." Similarly, Tenn. Code Ann. § 36-5-2211(a) and Tenn. Code Ann. § 36-5-2211(b) state, "A tribunal of this state issuing a spousal support order consistent with the law of this state has continuing, exclusive jurisdiction to modify the spousal support order **throughout the existence of the support obligation**" and "A tribunal of this state may not modify a spousal support order issued by a tribunal of another state … having continuing, exclusive jurisdiction over that order…." (Emphasis added).

As the record shows, the trial and divorce between Terry and Elizabeth occurred in the Tennessee court, which applied Tennessee law. Accordingly, Terry's desire for modification of the Tennessee court's order must occur in a Tennessee court. Kentucky courts have no authority or subject-matter jurisdiction to modify a Tennessee court's spousal maintenance order. There is a clear statutory scheme between these two states declining to modify the spousal support order of the other throughout the life of the obligation. Kentucky and Tennessee have commonly agreed that spousal maintenance is not to be modified by other states and any further motion on modification in this matter must be heard by the court in Tennessee.

■ However, and as reflected by *Glanton v. Renner*, 285 Ky. 808, 149 S.W.2d 748 (1941), the above analysis dictating each state shall not *modify* the other's spousal maintenance order does not preclude *enforcement* of same. In fact, this common scheme between states regarding enforcement of spousal maintenance has long been supported by Kentucky courts:

> [T]here is an abundance of authority to the effect that the domestic or local court rendering judgment upon a judgment of a foreign state has the power and authority … to enforce the payment of such judgments … as if the judgment had been originally rendered therein.
>
> . . .
>
> [T]he binding force of the judgment will be obligatory upon the courts of a sister state, provided the court rendering it had jurisdiction of the subject-matter and of the parties, and it may proceed to enforce the judgment by the modes of procedure prevailing in that (local) jurisdiction."

*Id.* at 750 (internal citation omitted). Accordingly, the Floyd Circuit Court is well within its jurisdiction to enforce the Tennessee spousal maintenance order, and in fact **must** do so.

### CONCLUSION

Based upon the foregoing, the Judgment of the Floyd Circuit Court is REVERSED

and the matter is hereby REMANDED to Floyd Circuit Court for transfer to the original Tennessee court. However, the Floyd Circuit Court shall maintain this case as it has the authority and duty to enforce the Tennessee court's spousal maintenance order.

ALL CONCUR.