RENDERED: OCTOBER 9, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2019-CA-0795-MR

TERRY ARTHUR GIESE                                              APPELLANT

APPEAL FROM FLOYD CIRCUIT COURT
v.          HONORABLE DWIGHT S. MARSHALL, JUDGE
ACTION NO. 11-CI-00932

ELIZABETH GIESE (HAMILTON)                                      APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: COMBS, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Terry Giese brings the present appeal from the April 29, 2019 order of the Floyd Circuit Court denying his motion to alter, amend, or vacate its March 28, 2019 order and judgment. After review, we reverse the court's orders and remand the matter to Floyd Circuit Court.

The parties, Terry and Elizabeth Giese (now Hamilton), were divorced in Tennessee in 2006. In the divorce decree, the Tennessee court ordered Terry to pay Elizabeth "alimony in futuro"[1] (spousal maintenance) and to maintain a $200,000.00 life insurance policy, naming Elizabeth as the beneficiary. Subsequently, both parties moved to Kentucky, and in 2011, Terry registered the Tennessee judgment with the Floyd Circuit Court.

In 2012, Terry filed a motion to modify his spousal support with the Floyd Circuit Court. Initially, the Floyd Circuit Court held the motion in abeyance due to pending litigation in Tennessee. However, the Tennessee court dismissed the pending litigation because Elizabeth failed to appear for a hearing. It also determined that any remaining issues could be addressed by the Floyd Circuit Court. After conducting a hearing, the Floyd Circuit Court denied Terry's motion for modification by written order a few days later. Terry then appealed.

In a published opinion, *Giese v. Giese*, 529 S.W.3d 791 (Ky. App. 2017), we held that the Floyd Circuit Court lacked subject matter jurisdiction over the issue of spousal maintenance and therefore could not modify the Tennessee order. However, we also held that it was within the Floyd Circuit Court's

---

[1] "Alimony in futuro" is defined by the Tennessee legislature as "periodic alimony . . . a payment of support and maintenance on a long term basis or until death or remarriage of the recipient." Tennessee Code Annotated (Tenn. Code Ann.) § 36-5-121(f)(1).

jurisdiction to enforce the Tennessee order. Thus, the order of the Floyd Circuit Court was reversed and the matter remanded with the following instruction:

> [T]ransfer [the matter] to the original Tennessee court. However, the Floyd Circuit Court shall maintain this case as it has the authority and duty to enforce the Tennessee court's spousal maintenance order.

*Id*. at 794. While the aforementioned appeal was pending, Elizabeth filed a motion to hold Terry in contempt for failure to pay spousal maintenance; however, the Floyd Circuit Court did not rule on this motion until after the case was remanded.

On remand, Terry filed a motion in the Tennessee court to modify his spousal maintenance. At the same time, the Floyd Circuit Court decided to schedule a hearing on Elizabeth's contempt motion. Terry then filed a motion to transfer the matter to Tennessee and objected to any action on Elizabeth's contempt motion until the motion for modification had been resolved in Tennessee. However, the Floyd Circuit Court denied his motion and overruled his objection. Terry appealed and filed motions with the Kentucky Court of Appeals for extraordinary and intermediate relief. While these issues were pending, the Floyd Circuit Court entered an order stating it was retaining jurisdiction over the enforcement issue but that it transferred the modification issue to Tennessee. As a result, Terry filed a motion to dismiss his appeal. Additionally, the remaining motions in the Court of Appeals were later denied.

The Floyd Circuit Court interpreted our denial of Terry's motions for intermediate and extraordinary relief as approval to move forward with a hearing on Elizabeth's motion for contempt. Before the hearing commenced, Terry again objected and requested the Floyd Circuit Court wait until the Tennessee court ruled on his motion to modify. Terry also brought to the Floyd Circuit Court's attention that the Tennessee court refused to act until the Floyd Circuit Court transferred jurisdiction. The Floyd Circuit Court overruled Terry's objection and proceeded with the contempt hearing.

During the contempt hearing, Terry attempted to introduce evidence of his inability to pay the spousal maintenance ordered in Tennessee. However, it does not appear the Floyd Circuit Court believed Terry's testimony was relevant to the contempt proceeding. In its judgment and order, the Floyd Circuit Court stated:

> The Court finds that [Terry] has testified to his decline in income since the entry of the decreed [sic] in Tennessee. However, this Court finds that the decline in the Respondent's income is more relevant for the Tennessee Court for modification of the decree in Tennessee.

The Floyd Circuit Court also found Terry had failed to make required spousal maintenance payments, and ordered him to pay $100,500.00 in arrears and obtain a $200,000.00 life insurance policy with Elizabeth as the beneficiary. Terry filed a

motion to alter, amend, or vacate the aforementioned order, which the Floyd

Circuit Court denied.  This appeal followed.

Elizabeth has not filed a brief.  In *Roberts v. Bucci*, 218 S.W.3d 395,

396 (Ky. App. 2007), we explained:

> [W]here an appellee does not file a brief, CR[2]
> 76.12(8)(c) provides three alternative avenues of action
> for an appellate court—all essentially punitive to the
> appellee:
>
>> If the appellee's brief has not been filed
>> within the time allowed, the court may:  (i)
>> accept the appellant's statement of the facts
>> and issues as correct; (ii) reverse the
>> judgment if appellant's brief reasonably
>> appears to sustain such action; or (iii) regard
>> the appellee's failure as a confession of error
>> and reverse the judgment without
>> considering the merits of the case.
>
> The decision as to how to proceed in imposing such
> penalties is a matter committed to our discretion.

(Citation omitted.)  We note this is not the first time Elizabeth has failed to appear

in a court proceeding.  Whether she acted on her own or under the advice of

counsel, we cannot condone this type of blasé behavior because it often leads to

further delay in the judicial process.  After careful review of the record, we elect to

exercise our discretion to reverse the trial court's judgment because Terry's brief

reasonably appears to sustain such action.  CR 76.12(8)(c)(ii).

---

[2] Kentucky Rules of Civil Procedure.

Terry filed multiple motions to modify spousal maintenance in Tennessee and Kentucky. He informed the Floyd Circuit Court on several occasions that he intended to argue in Tennessee that his most recent motion for modification relates back to the earlier motions. Nevertheless, the Floyd Circuit Court's order requires Terry to pay arrearages and maintain a life insurance policy that might be subject to change depending on the decision of the Tennessee court. Regardless, the Floyd Circuit Court's order presumes Terry's argument will fail. We will not digress into a discussion regarding the likelihood of Terry's success; that is for the Tennessee court to decide.

As a final point, we note this case has been procedurally muddled by jurisdictional questions. We remind the trial court that KRS[3] 407.5320 provides a method by which courts from this state may communicate with its sister states to resolve questions like those presented in this case. Perhaps this matter would have been more efficiently resolved had the court utilized this statute, particularly following Terry's first appeal.

The Floyd Circuit Court's March 28, 2019 and April 29, 2019 orders are hereby reversed, and the case is remanded to the Floyd Circuit Court. We instruct the Floyd Circuit Court to hold any further motions for contempt or enforcement in abeyance until the Tennessee court resolves Terry's motion for

---

[3] Kentucky Revised Statutes.

modification of spousal maintenance and to communicate with the Tennessee court as necessary pursuant to KRS 407.5320.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE

Diana L. Skaggs
Elizabeth M. Howell
Louisville, Kentucky