RENDERED:  APRIL 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0270-MR

THERESA JOHNSON                                        APPELLANT

APPEAL FROM LAUREL FAMILY COURT
v.       HONORABLE STEPHEN M. JONES, JUDGE
ACTION NO. 18-CI-00368

MICHAEL JOHNSON                                        APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  Theresa Johnson appeals from an order of the Laurel

Family Court granting Michael Johnson's motion to terminate his South Carolina

maintenance obligation.  Upon review of the record and the applicable legal

authorities, we reverse and remand based on lack of subject matter jurisdiction.

In January 2001, the Johnsons were divorced by decree of the Sixth

Judicial Circuit Family Court in Lancaster, South Carolina (South Carolina Family

Court); several issues, including maintenance, were held in abeyance. On March 11, 2003, pursuant to the Johnsons' settlement agreement, an order of the South Carolina Family Court was entered resolving all outstanding issues. The order included a provision requiring Michael to pay Theresa permanent spousal maintenance in the amount of $1,000 per month beginning June 1, 2003. Michael paid maintenance as ordered through 2016. Then, without notice or court order, Michael made a unilateral decision regarding his obligation. In January, February, and March 2017, Michael paid Theresa $500 per month in maintenance. Thereafter, he stopped paying Theresa maintenance altogether.

In May 2018, after locating Michael in Laurel County, Kentucky, Theresa, then residing in Minnesota, filed a notice and affidavit of foreign judgment registration and had Michael served, thereby properly registering the South Carolina spousal maintenance order in Kentucky. In June 2018, Theresa filed a motion for contempt and enforcement of the South Carolina order in Laurel Family Court. In July 2018, Michael appeared before the Laurel Family Court for a show cause hearing; Michael paid Theresa $16,500 in open court, bringing him current through June 2018. In August 2018, Michael again appeared for a show cause hearing; the Laurel Family Court ordered Michael to pay Theresa for July and August 2018 within seven days and scheduled a final hearing on the issues of

Theresa's travel expenses and attorney fees. Michael did not pay as ordered, and in September 2018, Theresa filed a motion for contempt.

In October 2018, Michael filed a motion in Laurel Family Court to modify the South Carolina spousal maintenance order by terminating his obligation. He asserted the South Carolina order had become unconscionable because his prior employment was no longer available due to injury and disability.

On December 11, 2018, the Laurel Family Court conducted a final hearing on Theresa's motions for contempt, travel expenses and attorney fees, and Michael's motion to terminate his South Carolina maintenance obligation. It found Michael in contempt, imposed a contempt sentence and ordered that he could purge himself by paying Theresa $11,700 within thirty days. Michael paid Theresa $11,700 by check dated December 11, 2018. Additionally, the Laurel Family Court granted Michael's motion, modifying the South Carolina spousal maintenance order by terminating Michael's obligation as of January 1, 2019.

Theresa appealed. Michael did not file a responsive brief. Kentucky Rules of Civil Procedure (CR) 76.12(8)(c) "provides the range of penalties that may be levied against an appellee for failing to file a timely brief." *St. Joseph Catholic Orphan Society v. Edwards*, 449 S.W.3d 727, 732 (Ky. 2014). "The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky.App. 2007). Having

considered this matter and the particular circumstances of this case, we choose not to impose a sanction against Michael.

On appeal, Theresa argues the Laurel Family Court lacked subject matter jurisdiction over Michael's motion to modify the South Carolina spousal maintenance order by terminating his obligation.

"When the lower court is alleged to be acting outside its jurisdiction, as alleged in the present case, the proper standard is *de novo* review because jurisdiction is generally only a question of law." *Karem v. Bryant*, 370 S.W.3d 867, 869 (Ky. 2012). "The time at which the issue of subject-matter jurisdiction [is] first raised . . . is of no legal consequence." *Privett v. Clendenin*, 52 S.W.3d 530, 532 (Ky. 2001). "Specifically, subject-matter jurisdiction may be raised for the first time on appeal." *Id.* Accordingly, we review the legal question before us, whether the Laurel Family Court had subject matter jurisdiction to modify the South Carolina spousal maintenance order by terminating Michael's obligation, *de novo*.

Kentucky Revised Statutes (KRS) 407.5211(2) (emphasis added) dictates: "A tribunal of this state *may not modify* a spousal support order issued by a tribunal of another state . . . having continuing, exclusive jurisdiction over that order under the law of that state[.]" Reciprocally, S.C. Code Ann. § 63-17-3110(A) (emphasis added) dictates: "A tribunal of this State issuing a spousal-

-4-

support order consistent with the law of this State has continuing, exclusive jurisdiction to modify the spousal-support order *throughout the existence of the support obligation*." The plain text of these complementary statutes, and their inverse counterparts contained in KRS 407.5211(1) and S.C. Code Ann. § 63-17-3110(B), makes clear that Kentucky and South Carolina have commonly agreed upon limits to each state's jurisdiction over spousal maintenance orders.

In *Giese v. Giese*, 529 S.W.3d 791, 792-93 (Ky.App. 2017), this Court considered facts directly on point and held that pursuant to KRS 407.5211(2) and Tenn. Code Ann. § 36-5-2211(a), which is nearly identical to S.C. Code Ann. § 63-17-3110(A), the family court's ruling on the merits of a motion to modify a Tennessee spousal maintenance order was barred by statutory law in Kentucky and Tennessee because "Kentucky courts lack[ed] subject-matter jurisdiction." Based on the "clear statutory scheme" between the two states, the Court concluded, "Kentucky and Tennessee have commonly agreed that spousal maintenance is not to be modified by other states and any further motion on modification in this matter must be heard by the court in Tennessee." *Giese*, 529 S.W.3d at 793. The Court further held that while Kentucky lacked jurisdiction to *modify* Tennessee's spousal maintenance order, it had jurisdiction to *enforce* the registered order and was required to do so under KRS 407.5211(2) and Tenn. Code Ann. § 36-5-2211(a). *Id*.

Kentucky's agreement with South Carolina mirrors its agreement with Tennessee; therefore, the Court's holding in *Giese* is applicable to South Carolina spousal maintenance orders pursuant to KRS 407.5211(2) and S.C. Code Ann. § 63-17-3110(A). Such application is consistent with S.C. Code Ann. § 63-17-3110(C)(1): "A tribunal of this State that has continuing, exclusive jurisdiction over a spousal-support order may serve as [] an initiating tribunal to request a tribunal of another state to enforce the spousal-support order issued in this State[.]" Further, under KRS 426.955, a foreign judgment, properly registered in Kentucky, "has the same effect . . . as a judgment of a court of this state and may be enforced or satisfied in like manner."

The South Carolina Family Court never modified or terminated Michael's spousal support obligation, or relinquished its continuing, exclusive jurisdiction. Additionally, it is undisputed that the South Carolina spousal maintenance order is consistent with that state's laws. Therefore, the Laurel Family Court lacked subject matter jurisdiction to modify the South Carolina spousal maintenance order by terminating Michael's obligation.

The South Carolina order was properly registered in Kentucky. Therefore, the Laurel Family Court had jurisdiction to enforce the South Carolina spousal maintenance order and was required to do so under the common agreement between the states.

-6-

We reverse and remand the Laurel Family Court's order modifying the South Carolina spousal maintenance order by terminating Michael's obligation. The Laurel Family Court must enforce the South Carolina spousal maintenance order *as is* until such time as it is modified, terminated, or jurisdiction is ceded by South Carolina.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR APPELLEE

Kelly Kirby Ridings
London, Kentucky