RENDERED:  JANUARY 30, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0712-MR

TAHISHA CRAWFORD					APPELLANT


APPEAL FROM MASON CIRCUIT COURT
v.		HONORABLE JEFFREY L. SCHUMACHER, JUDGE
ACTION NO. 23-CI-00241


KEMO CRAWFORD						APPELLEE


OPINION
VACATING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CALDWELL AND A. JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  Tahisha Crawford appeals from an order which, among other things, modified the spousal maintenance Kemo Crawford was paying her pursuant to their divorce decree.  We believe that the circuit court was without subject matter jurisdiction to modify this award because the award was entered by a court in New Jersey and that court has continuing jurisdiction over the spousal maintenance award.  We vacate the part of the order which modifies the

maintenance award.  All other issues ruled upon in the order were not appealed and the court's judgment regarding those will not be disturbed.

## FACTS AND PROCEDURAL HISTORY

The Crawfords were married in April of 2000, and two children were born of the marriage.  One child is now an adult, and one is still a minor.  The Crawfords lived in New Jersey during the marriage and divorced on January 28, 2019.  As part of the divorce, Mr. Crawford was to pay Ms. Crawford $2,500 a month in spousal support for a period of eighteen years.  The parties had joint custody of the children, with Ms. Crawford being the primary residential parent and Mr. Crawford having specified timesharing.

In June of 2022, Ms. Crawford left New Jersey with the youngest child and ceased communication with Mr. Crawford.[1]  After about two years, Mr. Crawford found Ms. Crawford in Kentucky and began the underlying proceedings seeking to regain custody of the child and to terminate his maintenance obligation. As the case before us concerns only the maintenance issue, we will focus solely on that.  A hearing was held and both Mr. and Ms. Crawford testified.

On May 1, 2025, the court entered an order which modified the spousal maintenance.  The court ordered that Mr. Crawford would continue to pay the maintenance but reduced the amount to $1,500 per month.  The court also

---

[1] The older child was an adult and in college when this occurred.

ordered that the maintenance payments would end when the youngest child graduated high school, which would be around June of 2028. This appeal followed.

## ANALYSIS

As previously stated, we believe the trial court did not have subject matter jurisdiction to modify the spousal maintenance award. Issues of jurisdiction are reviewed *de novo*. *Giese v. Giese*, 529 S.W.3d 791, 792 (Ky. App. 2017). Kentucky Revised Statutes (KRS) 407.5211 states:

> (1) A tribunal of this state issuing a spousal-support order consistent with the law of this state has continuing, exclusive jurisdiction to modify the spousal-support order throughout the existence of the support obligation.
>
> (2) A tribunal of this state may not modify a spousal support order issued by a tribunal of another state or a foreign country having continuing, exclusive jurisdiction over that order under the law of that state or foreign country.
>
> (3) A tribunal of this state that has continuing, exclusive jurisdiction over a spousal-support order may serve as:
>
>> (a) An initiating tribunal to request a tribunal of another state to enforce the spousal support order issued in this state; or
>>
>> (b) A responding tribunal to enforce or modify its own spousal support order.

New Jersey has a similar statute. New Jersey Statutes Annotated (N.J.S.A.) 2A:4-30.139 states:

Continuing, exclusive jurisdiction to modify spousal support order.

a. A tribunal of this State issuing a spousal support order consistent with the law of this State has continuing, exclusive jurisdiction to modify the spousal support order throughout the existence of the support obligation.

b. A tribunal of this State may not modify a spousal support order issued by a tribunal of another state or a foreign country having continuing, exclusive jurisdiction over that order under the law of that state or foreign country.

c. A tribunal of this State that has continuing, exclusive jurisdiction over a spousal support order may serve as:

(1) an initiating tribunal to request a tribunal of another state to enforce the spousal support order issued in this State; or

(2) a responding tribunal to enforce or modify its own spousal support order.

New Jersey's statute states that its courts have exclusive and continuing jurisdiction to modify spousal support ordered by New Jersey courts and maintains jurisdiction on those orders throughout the existence of the obligation. Kentucky's statute states that it cannot modify a spousal support order from another state if that state has continuing and exclusive jurisdiction over the matter. When examined in tandem, these statutes prohibit Kentucky courts from exercising jurisdiction over Mr. Crawford's motion to modify the spousal support award.

-4-

There is another factor we must consider. While Mr. Crawford was still trying to find Ms. Crawford and the child, he made a motion in the New Jersey court which entered the divorce decree seeking emergency custody of the child and requested that Ms. Crawford return to New Jersey. That motion was ultimately granted. Later, once Ms. Crawford was found in Kentucky, an order was entered by the New Jersey Court which stated:

> 1. By consent of the parties, primary residential custody of the minor child [is] transferred to [Ms. Crawford.[2]] The parties shall continue to have joint legal custody of the child.
>
> 2. At the request of the parties, and pursuant to N.J.S.A. 2A:34.66(a), as the parties and the child no longer reside in New Jersey this case is hereby concluded with all matters deemed disposed. New Jersey relinquishes jurisdiction to the State of Kentucky where [Ms. Crawford] resides with the child.

Ms. Crawford argues that this order only gave Kentucky jurisdiction regrading issues concerning the child because it was in response to the emergency custody granted to Mr. Crawford, discusses only issues regarding the child, and cites to N.J.S.A. 2A:34.66(a), which sets forth when a New Jersey court no longer has continuing and exclusive jurisdiction over child custody issues. Mr. Crawford argues that this order relinquished New Jersey's continuing and exclusive

---

[2] The child temporarily returned to Mr. Crawford's sole custody, but had problems adapting to the change in custody; therefore, Mr. Crawford agreed to let the child return to Ms. Crawford.

jurisdiction over all issues, including spousal support. The trial court agreed with Mr. Crawford concerning this issue.

What jurisdiction this order relinquished to Kentucky is ultimately irrelevant. In *Giese v. Giese*, *supra*, a similar situation was discussed. In *Giese*, Terry and Elizabeth Giese divorced in Tennessee and Terry was ordered to pay Elizabeth $1,500 a month in spousal support. A number of years later, Terry domesticated the order with the Floyd Circuit Court and moved to modify the spousal support obligation. Both parties lived in Kentucky at this time.

The court held the motion in abeyance because there was ongoing litigation between the parties in Tennessee. Those matters were ultimately dismissed by the Tennessee court. When dismissing, the Tennessee court also stated that "any and all other matters (*i.e.* Child Support and Alimony) will be heard by the Courts of competent jurisdiction for the State of Kentucky since [Elizabeth], [Terry] and the parties' child (Ron), all reside in Kentucky and have for over one (1) year." *Giese*, 529 S.W.3d at 792 (internal quotation marks omitted). The Floyd Circuit Court later denied Terry's motion to modify the spousal maintenance award.

Terry then appealed to another panel of this Court. The Court discussed KRS 407.5211 and Tennessee's similar statute, Tennessee Code Annotated 36-5-2211. The Court held that the Floyd Circuit Court did not have

subject matter jurisdiction over the spousal maintenance issue and that any modification should occur in Tennessee. *Giese*, 529 S.W.3d at 793. The Court held as such even though the Tennessee court seemingly relinquished further jurisdiction over the parties' divorce.

Here we have a similar situation. The New Jersey court **might** have given Kentucky jurisdiction over all issues surrounding the Crawfords' divorce, including spousal support; however, according to *Giese*, the Kentucky and New Jersey statutes would still require any spousal support modification be sought in New Jersey.

## CONCLUSION

The holding in *Giese*, *supra*, determines the outcome of this case. If Mr. Crawford wishes to modify his spousal support obligation, he must do so in New Jersey; therefore, we vacate the part of the order on appeal concerning maintenance modification. All other issues which the trial court ruled upon in the order were not appealed and will not be disturbed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Scott M. Sullivan
Cynthiana, Kentucky

BRIEF FOR APPELLEE:

Bryanna Barker
Lexington, Kentucky